ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/13/18

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

JOSEPH MELI,
MATTHEW HARRITON,
875 HOLDINGS, LLC,
127 HOLDINGS, LLC,
ADVANCE ENTERTAINMENT, LLC, and
ADVANCE ENTERTAINMENT II, LLC,

    Defendants, and

JESSICA INGBER MELI,
127 PARTNERS, LLC,
127 ICONIC HOLDINGS, LLC,
ANNA MELI,
NINETEEN TWO PRODUCTIONS, LLC,
MXCU HOLDINGS, LLC, and
MASH TRANSACTIONS, LLC,

    Relief Defendants.

Civil Action No. 17-cv-632-LLS

# [proposed] FINAL JUDGMENT AS TO DEFENDANT MATTHEW HARRITON

The Securities and Exchange Commission having filed a complaint and amended complaint (together, the "Complaint") and Defendant Matthew Harriton ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived

any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,197,500.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $98,285.07, for a total of $1,295,785.07. Defendant shall satisfy this obligation by paying,

pursuant to the instructions below, (1) $863,701.00 within 14 days after entry of this Final Judgment, and (2) the remaining $432,084.07 within 365 days after entry of this Final Judgment.

All disgorgement and prejudgment interest paid pursuant to this Final Judgment shall be distributed consistent with the distribution of money collected in connection with the Order of Restitution entered against Joseph Meli in the related criminal case, *United States v. Joseph Meli*, 1:2017-cr-00127-KMW (S.D.N.Y.). Accordingly, Defendant shall make the payments set forth in the preceding paragraph by certified check made payable to the Clerk of Court, United States District Court for the Southern District of New York, which shall be delivered to:

> Clerk of Court
> United States District Court for the Southern District of New York
> 500 Pearl Street
> New York, New York 10007

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Matthew Harriton as a defendant in this action; and specifying that payment is made both pursuant to this Final Judgment and in connection with the Order of Restitution entered against Joseph Meli in the related criminal case, *United States v. Joseph Meli*, 1:2017-cr-00127-KMW (S.D.N.Y.).

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $80,000.00 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act. Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Matthew Harriton as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

IV.

Defendant shall pay the total of disgorgement and prejudgment interest due of $1,295,785.07 in two installments to the Clerk of Court, United States District Court for the Southern District of New York, according to the following schedule: (1) $863,701.00 within 14 days of entry of this Final Judgment; (2) $432,084.07 within 365 days of entry of this Final Judgment. Defendant shall pay the penalty due of $80,000.00 to the Commission within 14 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Clerk of Court or by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final disgorgement and prejudgment interest payment to the Clerk of Court set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, **TD Ameritrade, Inc. ("TD Ameritrade")** shall transfer the entire balance of the following **TD Ameritrade** account(s) which were frozen pursuant to an Order of this Court to the Clerk of Court, United States District Court for the Southern District of New York:

| Account Owner | Acct. Ending in: |
|---|---|
| Matthew Lewis Harriton TOD | *6619 |

**TD Ameritrade** shall transmit payment by check made payable to the Clerk of Court, United States District Court for the Southern District of New York, which shall be delivered to:

> Clerk of Court
> United States District Court for the Southern District of New York
> 500 Pearl Street
> New York, New York 10007

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made both pursuant to this Final Judgment and in connection with the Order of Restitution entered against Joseph Meli in the related criminal case, *United States v. Joseph Meli*, 1:2017-cr-00127-KMW (S.D.N.Y.).

## VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, **Citibank, N.A. ("Citibank")** shall transfer the entire balance of the following **Citibank** account(s) which were frozen pursuant to an Order of this Court to the Clerk of Court, United States District Court for the Southern District of New York:

| Account Owner | Acct. Ending in: |
|---|---|
| Matthew Lewis Harriton and [Harriton's spouse] | *4518 |
| Matthew Lewis Harriton and [Harriton's spouse] | *0659 |
| Matthew Lewis Harriton and [Harriton's spouse] | *4176 |

**Citibank** shall transmit payment by check made payable to the Clerk of Court, United States District Court for the Southern District of New York, which shall be delivered to:

>Clerk of Court
>United States District Court for the Southern District of New York
>500 Pearl Street
>New York, New York 10007

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made both pursuant to this Final Judgment and in connection with the Order of Restitution entered against Joseph Meli in the related criminal case, *United States v. Joseph Meli*, 1:2017-cr-00127-KMW (S.D.N.Y.).

## VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, **J.P. Morgan Securities LLC ("J.P. Morgan Securities")** shall transfer the entire balance of the following **J.P. Morgan Securities** account(s) which were frozen pursuant to an Order of this Court to the Clerk of Court, United States District Court for the Southern District of New York:

| Account Owner | Acct. Ending in: |
|---|---|
| Matthew Lewis Harriton | *1998 |

**J.P. Morgan Securities** shall transmit payment by check made payable to the Clerk of Court, United States District Court for the Southern District of New York, which shall be delivered to:

>Clerk of Court
>United States District Court for the Southern District of New York
>500 Pearl Street
>New York, New York 10007

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made both pursuant to this Final Judgment and in connection with the Order of Restitution entered against Joseph Meli in the related criminal case, *United States v. Joseph Meli*, 1:2017-cr-00127-KMW (S.D.N.Y.).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 13, 2018

Louis L. Stanton
HONORABLE LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

    v.

JOSEPH MELI,
MATTHEW HARRITON,
875 HOLDINGS, LLC,
127 HOLDINGS, LLC,
ADVANCE ENTERTAINMENT, LLC, and
ADVANCE ENTERTAINMENT II, LLC,

      Defendants, and

JESSICA INGBER MELI,
127 PARTNERS, LLC,
127 ICONIC HOLDINGS, LLC,
ANNA MELI,
NINETEEN TWO PRODUCTIONS, LLC,
MXCU HOLDINGS, LLC, and
MASH TRANSACTIONS, LLC,

      Relief Defendants.

Civil Action No. 17-cv-632-LLS

### CONSENT OF DEFENDANT MATTHEW HARRITON

1. Defendant Matthew Harriton ("Defendant") acknowledges having been served with the complaint and amended complaint (together, the "Complaint") in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which

1

Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)];

    (b)    orders Defendant to pay disgorgement in the amount of $1,197,500.00, plus prejudgment interest thereon in the amount of $98,285.07; and

    (c)    orders Defendant to pay a civil penalty in the amount of $80,000.00 under Section 20(d) of the Securities Act;

    (d)    orders that within 3 days after being served with a copy of the Final Judgment,

**TD Ameritrade, Inc. ("TD Ameritrade")** shall transfer the entire balance of the following **TD Ameritrade** account(s) which were frozen pursuant to an Order of this Court to the Clerk of Court, United States District Court for the Southern District of New York:

| Account Owner | Acct. Ending in: |
|---|---|
| **Matthew Lewis Harriton TOD** | *6619 |

**TD Ameritrade** shall transmit payment by check made payable to the Clerk of Court, United States District Court for the Southern District of New York, which shall be delivered to:

2

Clerk of Court
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made both pursuant to this Final Judgment and in connection with the Order of Restitution entered against Joseph Meli in the related criminal case, *United States v. Joseph Meli*, 1:2017-cr-00127-KMW (S.D.N.Y.).

(e)  orders that within 3 days after being served with a copy of the Final Judgment,

**Citibank, N.A. ("Citibank")** shall transfer the entire balance of the following **Citibank** account(s) which were frozen pursuant to an Order of this Court to the Clerk of Court, United States District Court for the Southern District of New York:

| Account Owner | Acct. Ending in: |
|---|---|
| **Matthew Lewis Harriton and [Harriton's spouse]** | *4518 |
| **Matthew Lewis Harriton and [Harriton's spouse]** | *0659 |
| **Matthew Lewis Harriton and [Harriton's spouse]** | *4176 |

**Citibank** shall transmit payment by check made payable to the Clerk of Court, United States District Court for the Southern District of New York, which shall be delivered to:

3

Clerk of Court
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made both pursuant to this Final Judgment and in connection with the Order of Restitution entered against Joseph Meli in the related criminal case, *United States v. Joseph Meli*, 1:2017-cr-00127-KMW (S.D.N.Y.).

(f) orders that within 3 days after being served with a copy of the Final Judgment,

**J.P. Morgan Securities LLC ("J.P. Morgan Securities")** shall transfer the entire balance of the following **J.P. Morgan Securities** account(s) which were frozen pursuant to an Order of this Court to the Clerk of Court, United States District Court for the Southern District of New York:

| Account Owner | Acct. Ending in: |
|---|---|
| **Matthew Lewis Harriton** | *1998 |

**J.P. Morgan Securities** shall transmit payment by check made payable to the Clerk of Court, United States District Court for the Southern District of New York, which shall be delivered to:

Clerk of Court
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

4

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made both pursuant to this Final Judgment and in connection with the Order of Restitution entered against Joseph Meli in the related criminal case, *United States v. Joseph Meli*, 1:2017-cr-00127-KMW (S.D.N.Y.).

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. **Defendant acknowledges that no promise or representation has been made by the Commission** or any member, officer, employee, agent, or representative of the Commission **with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.** Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.

This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section

7

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to

personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

*[remainder of page intentionally left blank]*

Dated: 5/24/18                              _____
                                            Matthew Harriton

On May 24, 2018, Matthew Harriton, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public

Commission expires:

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785895
Qualified in New York County
Commission Expires Feb. 28, 2022

Approved as to form:

_____
Daniel J. Horwitz, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Email: dhorwitz@mclaughlinstern.com
Tel: (212) 455-0448
Fax: (212) 448-0066
Attorney for Defendant

10